**UNITED STATES of America,
Appellee,**

v.

**Glen NORRIS, Defendant–Appellant.**

**No. 03–1475.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2004.

Lawrence D. Gerzog, New York, NY, for Defendant–Appellant.

Thomas Fallati, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Emily Berger, Assistant United States Attorney, on the brief), for Appellee.

Present: NEWMAN, CALABRESI, and HALL, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant Glen Norris appeals the judgment of the district court (Weinstein, *J.*). Norris's claims are three-fold: (1) the district court improperly failed to allow him to withdraw his plea; (2) he received ineffective assistance of counsel that resulted in an unknowing and involuntary plea; and (3) this involuntary plea violated his Fifth Amendment right to due process because the magistrate judge failed to inform him specifically of his right to seek to suppress evidence.

As to the first two claims, we affirm for substantially the reasons given by the district court. And, as to the third, which Norris raises for the first time on appeal, we review only for plain error, *see United States v. Yu–Leung*, 51 F.3d 1116, 1121 (2d Cir.1995), and find none.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Proce-

dure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

We have considered all of Defendant's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.